IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR CARSON | § | |
| v. | § | CIVIL ACTION NO. 6:79cv356 |
| R. PUSTKA, ET AL. | § | |

ORDER

On May 15, 2006, the Plaintiff Arthur Carson filed a motion asking for enforcement of a settlement agreement which he entered into with officials of the Texas Department of Criminal Justice, Correctional Institutions Division, in 1991. This agreement provided that Carson would receive a sum of money and a transfer away from the Michael Unit. In his motion, Carson complains that he was returned to the Michael Unit in March of 2006, which he says was an act of retaliation.

On May 15, 2006, the Court ordered the prison officials to respond to Carson's motion. A response was filed, saying that Carson had been moved to the Coffield Unit, and on June 29, 2006, the Court denied Carson's motion.

On November 13, and December 7, 2006, Carson again filed motions seeking enforcement of the agreement, stating that on October 13, 2006, he was awakened at 4:30 in the morning and told that he had ten minutes to get his property together. He was then put on a bus and transferred to the Michael Unit.

The Court ordered that the prison officials to respond to Carson's motion. On January 9, 2007, the prison officials filed a motion saying that Carson had been transferred to the East Texas area to be closer to his ailing mother, and that he had been sent to the Michael Unit because he had convinced the TDCJ Chaplaincy Department that he was a Native American and wished to take part in Native American church services. The response goes on to say that the Michael Unit is the only unit in the East Texas area where Native American church services are held.

Carson filed a reply to the response on January 19, 2007. This reply says that the prison officials have concealed evidence showing that he does not participate in Native American services and that he has requested that his name be taken off the Native American list. He says that this excuse is nothing more than a veiled attempt to violate a court order, that the exhibits furnished by the prison officials lack trustworthiness because they show that he is listed as a gang member but he is not in administrative segregation, and that he has not been served with all of the exhibits which the prison officials provided to the Court.

As noted in the Court's prior order, the settlement agreement provided for a transfer away from the Michael Unit "as soon as possible," but did not indicate that this was to be permanent. The fact that Carson's classification records did not show that he could not be assigned to the Michael Unit is not surprising given that the settlement agreement contained no such stipulation.

The documents furnished by the prison officials show that Carson himself signed a form asking to be reassigned to a unit where Native American church services are held. The Michael Unit is the only unit in East Texas where such services are held, and so the chaplaincy department requested that Carson be sent there.

Carson asserts that his transfer to the Michael Unit was done for purposes of retaliation. As a general rule, claims of retaliation require a showing of the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. Johnson, 110 F.3d at 310, *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

In this case, although Carson asserts that the transfer was done out of retaliation, the evidence shows that he was transferred to the Michael Unit in accordance with a religious preference which he himself had expressed to TDCJ officials. The fact that he has not attended Native

2

American services at the Michael Unit, as he suggests, does not change the fact that he had signed a form requesting to be transferred to a unit where Native American services are held. Because he was sent to East Texas to be closer to his mother, and he had signed this request form, the unit which ostensibly met both of these criteria was the Michael Unit. Carson has not shown that but for the alleged retaliatory intent, he would not have been sent to the Michael Unit. As stated above, the settlement agreement did not provide for a permanent transfer from the Michael Unit and that nothing in this agreement prevents such a transfer. It is accordingly

ORDERED that the Plaintiff's request to hold the Defendants in contempt is DENIED. Carson should notify the prison chaplaincy department if his wishes concerning his religious preferences, or his desire to be assigned to a unit where certain religious services are held, have changed. The Court continues to be of the opinion that prison officials may wish to consider transferring Carson off of the Michael Unit and refraining from placing him there in the future.

**So ORDERED and SIGNED this 5th day of February, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE